6. The order granting the extra allowance can only be reviewed by an appeal therefrom. The order appears on the clerk's minutes. That suffices without a formal order signed by the trial judge. Formerly all orders were entered by the clerk on his minutes, and that suffices still, although it has been much lost sight of in the growing formality of recent years. But there is no appeal from that order.

The judgment and order appealed from should be affirmed.

Judgment and order affirmed, with costs. All concur.

(112 App. Div. 356)

HERBST v. KELLOGG MFG. CO.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

TRIAL—INSTRUCTIONS—ERRONEOUS ASSUMPTION AS TO EVIDENCE

Where, in an action for injuries to a servant, the only negligence claimed was a violation of Labor Law, Laws 1897, p. 477, c. 415, § 70, providing that no child under 16 shall be employed in a factory unless a certificate executed by a health officer be filed in the office of the employer, and plaintiff testified that when he was employed nothing was said to or by defendant's superintendent as to plaintiff's age, though defendant's superintendent stated that plaintiff needed no certificate, an instruction to the effect that plaintiff had said that the superintendent told him that he would not need a certificate, after he had told the superintendent that he was not 16, was reversible error.

Appeal from Trial Term, Kings County.

Action by Frank Herbst, an infant, by Frederick Herbst, his guardian ad litem, against the Kellogg Manufacturing Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Judgment and order reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

James Crooke McLeer (William E. C. Mayor, on the brief), for appellant.

Wm. E. Buckley, for respondent.

HIRSCHBERG, P. J. The judgment and order cannot be sustained. The action is for negligence, and the chief, if not the only, negligence litigated involved the violation by the defendant of Labor Law, Laws 1897, p. 477, c. 415, § 70. By that section it is provided that:

"A child under the age of fourteen years shall not be employed in any factory in this state. A child between the ages of fourteen and sixteen years shall not be so employed, unless a certificate executed by a health officer be filed in the office of the employer."

The plaintiff was employed to work in defendant's factory when he was under 14 years of age. He was injured while at work. The action was brought under the labor law, supra, and was submitted to the jury on the theory that, in determining the question of the defendant's negligence, they could consider the fact that the plaintiff was under 16 years of age at the time of his employment, and that the defendant knew it, but, nevertheless, employed him without a certificate. The court charged the jury as follows:

"Now, as to the question of the age of the plaintiff. The plaintiff says that when he went to engage himself to work for the defendant in this case the superintendent told him that it was not necessary for him to have a certificate after he had told the superintendent that he was not sixteen years of age."

This was excepted to by the defendant, but the court stated: "I think I will let that stand. I think he said so."

The plaintiff testified expressly that when he was employed nothing was said to or by the defendant's superintendent as to his age. His testimony on the subject was as follows:

"I didn't tell him I was sixteen years old when he employed me; I am sure of that. He didn't say anything about my age. I didn't tell him I was sixteen. He said I didn't need a certificate. That wasn't because I told him that I was sixteen years old."

The positive statement in the charge of the court, to the effect that the plaintiff did testify that he had informed the superintendent that he was not 16 years of age, adhered to after an exception had been taken and the attention of the court directed to the evidence upon the subject, may very well have misled the jury, and requires a reversal in the interests of justice.

Judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.